UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re:<br>Judith Underwood-DerAnanian aka Judith Underwood | Case Number 06-11475-RS<br>Chapter 7 |
|---|---|

### MOTION OF BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS 2004-12 FOR RELIEF FROM THE AUTOMATIC STAY

*Premises identified as: 239 Washington Street, Reading, MA*

To the Honorable Judge Somma:

Bank of New York as Trustee for the Certificate Holders of CWMBS 2004-12 ("Bank of NY") hereby moves this Court pursuant to Section 362 of the United States Bankruptcy Code, for Relief from the Automatic Stay so as to permit it to enforce any and all applicable rights and remedies against the Debtor including but not limited to a foreclosure sale on certain mortgaged property which is located at *239 Washington Street, Reading, MA*, and consists of a lot of land with residence thereon.

In support of its Motion, Petitioner states as follows:

1. Your Petitioner maintains a principal place of business at 7105 Corporate Drive, Plano, TX 75024. Bank of NY holds a first mortgage on property known as *239 Washington Street, Reading, MA*. This mortgage was given by the Debtor to Mortgage Electronic Registration Systems, Inc. acting solely as nominee for America's Wholesale Lender ("MERS") and is dated April 30, 2004, and is recorded in the Middlesex County (Southern District) Registry of Deeds. Bank of NY now holds the mortgage via assignment. A copy of the mortgage is annexed hereto and marked Exhibit A.

2. The amount owed on the mortgage is approximately $334,000.00 including principal, interest (through June 30, 2006), late fees, and attorney fees and costs. The monthly payments are currently $1,795.11 and this mortgage is now in arrears for failure to pay principal and interest. Mortgage payments are due for April 2006 through and including June 1, 2006.

3. As stated above, MERS was the original holder of the mortgage, which was subsequently assigned to Bank of NY.

4. Upon information and belief, a Declaration of Homestead was recorded in the name of Judith A. Underwood-DerAnanian on July 26, 2006, with the Middlesex County (Southern District) Registry of Deeds in Book 35974, Page 192.

5. The Debtor's Chapter 7 Petition was filed on May 19, 2006.

6. Upon information and belief, this property is subject to the following encumbrances:

| Lien Holder | Type of Lien | Amount Owed | Priority |
|---|---|---|---|
| Bank of NY | 1st Mortgage | $334,000.00 | n/a |
| Specialized Loan services | 2nd Mortgage | $65,275.00 | no |
| Town of Reading | Water & Sewer | $1,180.00 | yes |
| Reading Municipal Light Dept | Municipal Lien | $1,072.00 | no |

Total:  $401,527.00

7. According to the Debtor's schedules, the fair market value of the property is $415,000.00. For purposes of this motion, it is Movant's opinion that the liquidation value of the premises is $387,707.60 calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,892.40) and anticipated closing costs incurred for a real estate closing ($500.00).

8. Your Petitioner believes that the Debtor has no equity in the property based upon the above sums due your Movant and other of approximately $401,527.00, and the liquidation value of the premises as stated above.

9. There is no other collateral securing Debtor's obligation to Bank of NY.

10. This Motion is brought for cause under 11 U.S.C. Sec. 362 given that, among other things, Bank of NY is not adequately protected, and the property is not necessary to an effective reorganization. Accordingly, Bank of NY requests that this Court allow Bank of NY relief from the automatic stay in order to proceed with its applicable rights and remedies, including but not limited to a foreclosure sale on the premises and an eviction proceeding should Bank of NY, or its successor in interest, become the successful bidder at a foreclosure sale.

**WHEREFORE**, Bank of NY requests that the Court:

(1) grant Bank of NY relief from the section 362 automatic stay and the stay imposed by Bankruptcy Procedure 4001(a)(3) for the purpose of exercising its various non-bankruptcy rights and remedies including without limitation:

    a. taking possession of the Property, obtaining a deed-in-lieu of foreclosure and/or foreclosing the Mortgage at issue; and
    b. taking such action as may be necessary to evict the Debtor and/or any occupant from the Property.

(2) order such other and further relief as may be just and proper.

In accordance with Local Rules, your Petitioner requests that this Motion be allowed without a hearing unless an objection is timely filed.

Dated: June 13, 2006

Respectfully submitted,

Bank of New York as Trustee for the Certificate
Holders of CWMBS 2004-12,
by its attorney,

<u>/s/ Victor Manougian</u>
Victor Manougian, Esquire
Korde & Associates
321 Billeirca Road, Suite 210
Chelmsford, MA 01824
(978) 256-1500
BBO # 547808

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 06-11475-RS |
| Judith Underwood-DerAnanian aka Judith Underwood | Chapter 7 |

**ORDER ON MOTION OF BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS 2004-12 FOR RELIEF FROM THE AUTOMATIC STAY**

At Boston in said District, on the          day of               , 2006, on the Motion of Bank of New York as Trustee for the Certificate Holders of CWMBS 2004-12 ("Bank of NY") after notice to all parties on the Petitioner's Certificate of Service, it is hereby

ORDERED AND DECREED:

1. The Motion of Bank of NY for Relief from the Automatic Stay imposed pursuant to 11 USC 362(a) on the filing of the Petition for Relief hereby is ALLOWED.

2. Bank of NY and any successor in interest is permitted to proceed forward to pursue its rights and remedies under applicable law, including but not limited to a foreclosure of a mortgage on real estate located at *239 Washington Street, Reading, MA,* which mortgage the Debtor gave to Mortgage Electronic Registration Systems, Inc. acting solely as nominee for America's Wholesale Lender ("MERS").  The mortgage is now held by Bank of NY via assignment.  The mortgage is dated April 30, 2004 and was recorded with the Middlesex County (Southern District) Registry of Deeds.   Further, Bank of NY is authorized to proceed with its eviction rights with respect to such Property should Bank of NY, or its successor in interest, become the successful bidder at a foreclosure sale.

3. If any excess proceeds are realized as a result of the foreclosure sale, Bank of NY shall supply the Debtor and the Trustee with a complete accounting.

_____
Honorable Robert Somma
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: <br> Judith Underwood-DerAnanian aka Judith Underwood | Case Number 06-11475-RS <br> Chapter 7 |
|---|---|

## CERTIFICATE OF SERVICE

I, Victor Manougian, Attorney for **Bank of New York as Trustee for the Certificate Holders of CWMBS 2004-12** hereby certify that on June 13, 2006 I electronically filed the foregoing *Motion for Relief, and Proposed Order Granting Relief* with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants;

John Fitzgerald, US Trustee

Harold B. Murphy, Trustee

Geraldine T. Kluska, Esquire

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Judith Underwood-DerAnanian  
239 Washington Street  
Reading, MA 01867  

Specialized Loan Service  
8742 Lucent Blvd, Suite 300  
Highlands Ranch, CO 80129  

Town of Reading  
Water & Sewer  
Town Hall  
Reading, MA 01867  

Reading Municipal Light Depot  
230 Ash Street  
Reading, MA 01867  

Town of Reading  
Office of the Tax Collector  
Town Hall  
Reading, MA 01867  

/s/ Victor Manougian  
Victor Manougian, Esquire  
Korde & Associates  
321 Billerica Road, Suite 210  
Chelmsford, MA 01824  
(978) 256-1500