After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
JUDY NEEDHAM

CERTIFIED TRUE COPY
OF ORIGINAL

---------- [Space Above This Line For Recording Data] ----------

00005625714904004
[Doc ID #]

# MORTGAGE

MIN 1000157-0003677777-5

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated APRIL 30, 2004, together with all Riders to this document.
(B) "Borrower" is
JUDY A UNDERWOOD-DERANANIAN

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is
AMERICA'S WHOLESALE LENDER
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
P.O. Box 660694, Dallas, TX 75266-0694
(E) "Note" means the promissory note signed by Borrower and dated APRIL 30, 2004. The Note states that Borrower owes Lender
THREE HUNDRED TWENTY SEVEN THOUSAND and 00/100

Dollars (U.S. $ 327,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JUNE 01, 2034.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

MASSACHUSETTS-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
Page 1 of 11
Initials:
Form 3022 1/01

VMP -6A(MA) (0401)   CHL (01/04)(d)   VMP Mortgage Solutions (800)521-7291


*23991*


*0562571490000002006A*

DOC ID #: 00005625714904004

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by Applicable Law, in the manner provided by Applicable Law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____ _____ (Seal)
                            JUDY A. UNDERWOOD-DERANANIAN    -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

EXHIBIT A

A CERTAIN PARCEL OF LAND SITUATED IN READING, MASS. WITH THE BUILDINGS AND IMPROVEMENTS THEREON SHOWN ON A PLAN OF LOTS, SURVEYED FOR CATHERINE CULLINANE, DATED MARCH 1929, DAVIS AND ABBOTT, CIVIL ENGINEERS, RECORDED WITH MIDDLESEX SOUTH DISTRICT DEEDS IN BOOK 5356, PAGE 557, BOUNDED AS FOLLOWS:

NORTHERLY: BY WASHINGTON STREET, SIXTY-TWO AND 48/100 (62.48) FEET;

EASTERLY: BY LAND OF OWNER UNKNOWN, ONE HUNDRED (100) FEET;

SOUTHERLY: BY LAND OF CAHTERINE CULLINANE, SIXTY-TWO AND 48/100 (62.48) FEET; AND

WESTERLY: BY LAND OF TIMOTHY CULLINANE, ONE HUNDRED FEET.

FOR TITLE REFERENCE SEE DEED IN BOOK 33722, PAGE 420